# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

In re:

BROWN-MINNEAPOLIS TANK CO.,           Case No. 11-14273-NLJ

    Debtor.

MICHAEL J. CAPLAN, TRUSTEE

    Plaintiff,

v.                                       Adv. No. 13-1080 NLJ

BMT ACQUISITION, LLC,
BMT-NW ACQUISITION, LLC,
CHARLES WILLIAM TRAVELSTEAD,
LONGROAD ASSET MANAGEMENT LLC,
BROADWAY PROPERTIES, LLC, and
BROAD STREET TANK HOLDINGS CO., Inc.

    Defendants.

## LONGROAD ASSET MANAGEMENT LLC'S MOTION TO DISMISS COMPLAINT

Defendant Longroad Asset Management, LLC ("Longroad"), by counsel, requests that the Court dismiss the Complaint pursuant to Rule 12(b)(1) Fed. R. Civ. P., made applicable under Rule 7012 Fed. R. Bankr. P., because the claims against it do not arise under the Bankruptcy Code and, therefore, this matter cannot be heard or decided by this Court under the analysis of the Supreme Court in *Stern v. Marshall*.

### Introduction

The Complaint sets forth ten counts. The only claim asserted against Longroad is Count 3, for aiding and abetting a breach of fiduciary duty. This claim arises under state common law, not under the Bankruptcy Code. (In addition, Longroad did not file a proof of claim in this bankruptcy case.) Under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), a bankruptcy judge does not

have subject matter jurisdiction over this claim. It must be dismissed. Even if the Court determines it does have constitutional jurisdiction, there is no statutory support for this Court to hear the claim against Longroad.

**Argument**

1. <u>Bankruptcy Courts do not have subject matter jurisdiction over purely state law claims, merely because the claims are asserted in a bankruptcy case.</u>

Bankruptcy courts are created by Congress and not under Article III of the United States Constitution. The Supreme Court held that Congress cannot change the constitutional assignment of responsibility. "Congress may not withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty. When a suit is made of the stuff of the traditional actions at common law tried by the courts at Westminster in 1789, and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts." *Stern v. Marshall*, 131 S. Ct. 2594, 2609 (2011). Thus, it is unconstitutional for a bankruptcy court to rule on a suit at common law.

The Tenth Circuit has not yet cited to *Stern v. Marshall* in any reported decisions nor has its holding been expressly applied to a breach of fiduciary duty claim in the context it arises here[1]. Despite a lack guidance from the Tenth Circuit, the application of *Stern v. Marshall* to this case is straightforward. The Court must first determine whether or not the claim for aiding and abetting a breach of fiduciary duty is a "state law action independent of the federal bankruptcy law". *Id.* at 2611. The answer is clearly, yes. *See GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997-NMSC-052, 124 N.M. 186, 947 P.2d 143 (setting forth elements for aiding and

---

[1] The Fifth Circuit in *In re Frazin*, ___ F.3d ___, 2013 WL 5495920 (5th Cir. No. 11-10403 Oct. 1, 2013) held that the bankruptcy court did have authority to decide a breach of fiduciary duty claim. In that case, however, the claim arose in the context of work performed for a debtor by an attorney, so determining the breach was an essential part of either approving or denying professional fees under 11 U.S.C. §327.

2
Case 13-01080-nlj    Doc 12    Filed 10/30/13    Entered 10/30/13 16:11:21    Page 2 of 6

abetting of a breach of fiduciary duty under New Mexico law); *THI of New Mexico at Hobbs Center v. Spradlin*, No. 12-2182, __ Fed. Appx. __, 2013 WL 5289960 (10th Cir. Sept. 20, 2013) (unpublished) (applying New Mexico law to determine that no fiduciary duty between parties existed); *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) (applying Colorado substantive law in claim for breach of fiduciary duty to claim brought in federal court). Second, the Court must determine whether or not the claim is "necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy." *Stern v. Marshall*, 131 S.Ct. at 2611. That answer is clearly, no. Longroad is a stranger to this action, and has not filed a proof of claim against the Debtor. There is no claims resolution process tied to this claim. Finally, for the same reason, this claim cannot fit with the public rights exception.

One open question remaining in this area is whether or not a litigant can consent, either expressly or impliedly, to the bankruptcy court entering an order deciding a state law cause of action. In a much closer case, involving an alter-ego claim against a debtor, the Seventh Circuit held: "[The bankruptcy court] lacked constitutional authority to enter final judgment on WIN's alter-ego claim." *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 755 (7th Cir. 2013). Based on that holding the Seventh Circuit held: "[U]nder current law a litigant may not waive an Article III, § 1, objection to a bankruptcy court's entry of final judgment in a core proceeding." *Id* at 773. However, the Ninth Circuit, in *In re Bellingham Insurance Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012) cert. granted, 133 S. Ct. 2880 (U.S. 2013) reached the opposite conclusion, holding: "as a personal right, Article III's guarantee of an impartial and independent federal adjudication is subject to waiver." *Id.* at 567. This issue is currently pending before the United States Supreme Court in *Executive Benefits Insurance Agency v. Arkison*, No. 12-1200. However, waiver is simply not at issue in this case. Longroad does not consent to the

3

bankruptcy court hearing and deciding the claim against it.

Notwithstanding the issue of waiver, the holding in *Wellness International Network* deciding that the bankruptcy court did not have subject matter jurisdiction is consistent with the way courts around the country are interpreting *Stern v. Marshall*. *See Waldman v. Stone,* 698 F.3d 910, 921 (6th Cir. 2012) (determining the bankruptcy court's judgment on state law claims was entered in violation of Article III); *In re Ortiz*, 665 F.3d 906, 914 (7th Cir. 2011) (holding that bankruptcy judge lacked authority under Article III to enter final judgments on claims arising under Wisconsin law). Following this consistent line of cases, the claims against Longroad must be dismissed because this Court does not have jurisdiction to enter a final order on them.

2. <u>The claim against Longroad is a non-core state law claim, and Longroad has not consented to the Bankruptcy Court's statutory authority.</u>

In the unlikely event that the Court determines there is constitutional authority to hear the Plaintiff's claim against Longroad, the Court is still precluded from hearing this matter because Longroad does not consent to have this matter heard by this Court and it is not a core proceeding. The statutory authority for bankruptcy courts to hear adversary proceedings stems from 28 U.S.C. §157. Bankruptcy courts may hear and determine "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . ." 28 U.S.C. §157(b)(1). Additionally, under 28 U.S.C. §157(c) bankruptcy courts may hear non-core proceedings and submit proposed findings of fact and conclusions of law, and may hear and determine non-core proceedings only if the parties consent. Because this is a non-core proceeding and because Longroad does not consent to the bankruptcy court hearing this matter, the bankruptcy court should dismiss the claim against Longroad.

As set forth above, the only claim against Longroad is for aiding and abetting a breach of

fiduciary duty.  Congress has set forth several types of core proceedings in 28 U.S.C. §157(b)(2); none of these proceedings is similar to the claim set forth by the Plaintiff against Longroad. *See In re Cannon,* 277 F.3d 838, 847 (6th Cir. 2002) (stating that alleged violation of commodities laws, breach of fiduciary duty, fraud, violation of consumer protection laws, and failure to supervise are non-core proceedings under 28 U.S.C. §157(b)(2)).

Additionally, filed simultaneously herewith is Longroad's Refusal to Consent to the Bankruptcy Court Hearing and Determining Claims.  Because Longroad refuses, the authority under 28 U.S.C. §157(c)(2) is inapplicable.

### Conclusion

Longroad Asset Management is a stranger to this Court.  It has not filed a proof of claim against the Debtor's estate, and it does not otherwise consent to the claim being asserted against is being heard by this Court.  The only claim asserted against Longroad arises under state common law, not under any bankruptcy or other federal law.  The sole purpose of the claim is to augment the estate, it does not otherwise resolve any issues pending in the bankruptcy case.  It is also not a core proceeding.  Therefore, the Bankruptcy Court lacks the constitutional and statutory authority to hear and determine this claim.  It must be dismissed.

**MODRALL SPERLING ROEHL HARRIS & SISK, P.A.**

By: */s/ Paul M. Fish*
Paul M. Fish
Spencer L. Edelman
Bank of America Centre
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87102
(505) 848-1800
(505) 848-1882 (Facsimile)
*Attorneys for Longroad Asset Management, LLC*

In accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(2)(D), this certifies that
service of the foregoing document was made
this 30th day of October, 2013, via the
notice transmission facilities of the case
management and electronic filing system
of the Bankruptcy Court.

By: */s/Paul M. Fish*
  Paul M. Fish
  Y:\dox\client\85210\0001\PLEADING\W2003636.DOC