UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re

BROWN-MINNEAPOLIS TANK CO.,

    Debtor.                                           Case No. 07-11-14273 NJL

MICHAEL J. CAPLAN, TRUSTEE,

    Plaintiff,

v.                                                  Adversary No. 13-1080 NLJ

BMT ACQUISITION, LLC,
BMT-NW ACQUISITION, LLC
CHARLES WILLIAM TRAVELSTEAD,
LONGROAD ASSET MANAGEMENT LLC,
BROADWAY PROPERTIES, LLC and
BROAD STREET TANK HOLDINGS, CO., INC.,

    Defendants.

**<u>BROAD STREET TANK HOLDINGS CO., INC., BMT ACQUISITION, LLC,
and BMT-NW ACQUISITION, LLC's ANSWER TO TRUSTEE'S COMPLAINT</u>**

      COMES NOW Defendants Broad Street Tank Holdings, Co., Inc., BMT Acquisition, LLC, and BMT-NW Acquisition, LLC (collectively, the "BMT Defendants") by and through their attorneys of record, Sutin, Thayer & Browne, A Professional Corporation (Gail Gottlieb), and for its Answer to Plaintiff's Complaint ("Complaint") state:

Jurisdiction and Venue

      1.    With respect to the allegations of paragraphs 1 and 2, the allegations state legal conclusions, which need be neither admitted nor denied, but if any response is

required then the allegations are denied. The BMT Defendants expressly deny that the Bankruptcy Court has subject matter jurisdiction and/or constitutional and procedural authority to hear this matter certain claims in this matter. The BMT Defendants do not consent to the First and Fourth claims being heard by a bankruptcy judge. The First Claim is may be a core matter if it is in fact validly pled under 28 U.S.C. 157(b)(2)(C), or it may not be a core proceeding, as the claims asserted therein are strictly 'related to" claims as set forth in 28 U.S.C. 1334. The Fourth Claim, Counts One and Three are likely core proceedings under 11 U.S.C. (b)(2)(H), at least to the extent that they assert claims under 11 U.S.C. 548. The Fourth Claim, Count Two may be a core matter if it is in fact pled under 28 U.S.C. 157(b)(2)(C), or it may not be a core proceeding, as the claims asserted therein are strictly 'related to" claims as set forth in 28 U.S.C. 1334. The Fifth Claim is a core proceeding under 28 U.S.C. 157(b)(2)(F). The Sixth Claim is likely a core proceeding under 28 U.S.C. 157(b)(2)(O). The BMT Defendants do not oppose these two claims (Fifth and Sixth) being determined by a Bankruptcy Court, although a complete resolution of the Sixth Claim may involve valuation issues that should be deferred until the First and Fourth Claims are resolved. The Eighth Claim, Count One and Count Two are core proceedings under 28 U.S.C. 157(b)(2)(B). The Ninth Claim, Counts One and Two, may be core proceedings under 28 U.S.C. 157(b)(2)(C), or they may not be, depending in part on the facts developed after the First and Fourth Claims are resolved. Neither the Eighth Claim nor the Ninth Claim can be resolved until the First and Fourth Claims are resolved, and the BMT Defendants do not consent to the factual issues underlying the challenges to their proofs of claim being resolved by a Bankruptcy Court. Except to the extent expressly stated herein, the BMT

Defendants deny the core nature of the Claims asserted in the Complaint, and reserve their arguments on this issue, as the nature of some of these claims will likely not be known until discovery has commenced. The venue of this case may be improper as to certain of the BMT Defendants.

## Parties

2. With respect to the allegations of paragraph 3, the pleadings alleged by the Trustee speak for themselves and the BMT Defendants deny any portion of the allegations except to the extent the allegations accurately state matters set forth in the described pleadings.

3. With respect to the allegations of paragraph 4, the BMT Defendants admit that the Trustee is the duly appointed and acting trustee of the debtor's estate, but deny the remaining allegations of this paragraph as they constitute legal conclusions as to which no response need be made, but if any response is required than the allegations are denied.

4. With respect to the allegations of paragraph 5 and paragraph 6, the BMT Defendants admit that both BMT Acquisition and BMT-NW Acquisition are Delaware limited liability companies with Corporation Service Company serving as their registered agent. The remaining allegations of paragraphs 5 and 6 are denied.

5. The allegations of paragraph 7 are denied or denied for lack of knowledge or information to form a belief as to the truth of the allegations of the paragraph.

6. The BMT Defendants lack knowledge or information to form a belief as to the truth of the allegations of paragraphs 8 and 9, and those allegations are therefore denied.

3

7. The allegations of paragraph 10 are denied.

## Background Facts

8. With respect to the allegations of paragraph 11, the BMT Defendants admit that Brown-Minneapolis Tank Co. ("Old BMT") had certain outstanding loans with JPMorgan Chase Bank ("Chase Bank") which were secured by all of the assets of Old BMT. The principal balance of $4,707,049.91 was owed, and accrued and unpaid interest was $24,943.96 on or about June 16, 2011. Charles Travelstead is believed to have been a guarantor of the debt owed by Old BMT to Chase Bank by Old BMT. All other or inconsistent allegations are denied.

9. With respect to the allegations of paragraph 12, the BMT Defendants admit that Brown-Minneapolis Tank-NW LLC ("Old BMT-NW") had certain outstanding loans with JPMorgan Chase Bank ("Chase Bank") which were secured by all of the assets of Old BMT-NW. The principal balance of $2,963,187.29 was owed, and accrued and unpaid interest was $15,341.67 on or about June 16, 2011. Charles Travelstead is believed to have been a guarantor of the debt owed by Old BMT-NW to Chase Bank. All other or inconsistent allegations are denied, but this answer will also refer to the Chase Bank loans to Old BMT and Old BMT-NW as the "Chase Bank Loans."

10. The allegations of paragraphs 13, 14 and 15 are denied. However, the BMT Defendants admit that BMT Acquisition became the owner of the Chase Bank Loans to Old BMT, and that BMT-NW became the owner of the Chase Bank Loans to Old BMT-NW.

11. With respect to the allegations of paragraph 16, 17, 18, and 19, the "Amendment to Credit Agreement and Line of Credit Note Brown Minneapolis Tank

Company" ("Old BMT Loan Amendment") speaks for itself. The BMT Defendants admit that the BMT Defendants did in fact advance substantial sums of money to Old BMT during the summer of 2011, believed to be in excess of $841,000 to Old BMT and $367,000 to Old BMT-NW prior to July 29, 2011. The BMT Defendants further admit that the Old BMT Loan Amendment and related documents included a cross collateralization of the Chase Bank Loans of Old BMT and Old BMT-NW, and a guarantee by Old BMT of the Chase Bank debt of Old BMT-NW. All other or inconsistent allegations are denied.

12. With respect to the allegations of paragraph 20, 21, and 22, the documents therein alleged speak for themselves. The allegations of paragraph 20, 21, and 22 are denied, except that the BMT Defendants admit that, pursuant to the foreclosure agreement dated July 29, 2011, (the "Foreclosure Agreement") BMT Acquisition and BMT NW exercised their rights as secured creditors under the Chase Bank Loans which they owned, and that BMT Acquisition agreed to credit the Chase Bank Loan debt directly owed by Old BMT in the amount of $2,600,000 for the foreclosure of the assets of Old BMT, including the 1977 Piper PA-31t-620 Cheyenne II aircraft, serial number 31T-7720069 (the "Aircraft"). The BMT Defendants further admit that the transfer of assets pursuant to the Foreclosure Agreement occurred on July 29, 2011. All other or inconsistent allegations are denied.

13. With respect to the allegations of paragraph 23, the allegations are denied, except that the BMT Defendants admit that a notice of security interest in favor of Broad Street Holding Co. Inc. has been filed with the Federal Aviation Administration and has not been released.

14. The allegations of paragraphs 24, 25, 29, 32, and 33 are denied for lack of knowledge or information sufficient to form a belief as to the truth of these allegations.

15. The allegations of paragraphs 26, 27, 28, 30, 31, 34, and 35 are denied.

16. With respect to the allegations of paragraph 36 and 37, the BMT Defendants admit that they have filed proofs of claim in the captioned bankruptcy proceeding, and state that the proofs of claim speak for themselves. All other or inconsistent allegations are denied.

## First Claim for Relief

17. The allegations of paragraph 38 are legal conclusions as to which no answer need be made, but if any answer is required then the allegations are denied.

18. The allegations of paragraphs 39, 40, and 41 are denied.

## Second Claim for Relief

19. In response to the allegations of paragraph 42, the BMT Defendants restate their responses to the preceding allegations.

20. The allegations of paragraph 43 are legal conclusions as to which no answer need be made, but if any answer is required then the allegations are denied.

21. The allegations of paragraphs 44 and 45 are denied.

## Third Claim for Relief

22. In response to the allegations of paragraph 46, the BMT Defendants restate their responses to the preceding allegations.

23. The allegations of paragraph 47 are legal conclusions as to which no answer need be made, but if any answer is required then the allegations are denied.

24. The allegations of paragraphs 48 through 50 are denied.

## Fourth Claim for Relief

25. In response to the allegations of paragraph 51, the BMT Defendants restate their responses to the preceding allegations.

26. The allegations of paragraph 52 are legal conclusions as to which no answer need be made, but if any answer is required then the allegations are denied.

27. The allegations of paragraphs 53 through 56 are denied.

28. In response to the allegations of paragraph 57, the BMT Defendants restate their responses to the preceding allegations.

29. The allegations of paragraph 58 are legal conclusions as to which no answer need be made, but if any answer is required then the allegations are denied.

30. The allegations of paragraphs 59 through 62 are denied.

31. In response to the allegations of paragraph 63, the BMT Defendants restate their responses to the preceding allegations.

32. The allegations of paragraphs 64 through 67 are denied.

## Fifth Claim for Relief

33. In response to the allegations of paragraph 68, the BMT Defendants restate their responses to the preceding allegations.

34. The allegations of paragraph 69 are legal conclusions as to which no answer need be made, but if any answer is required then the allegations are denied.

35. The allegations of paragraphs 70 through 72 are denied for lack of knowledge or information sufficient to form a belief as to the truth the allegations, except that the BMT Defendant admits that the Aircraft was collateral for the Chase Bank Loan

and was transferred to BMT Acquisition in connection with the July 29, 2011 foreclosure.

36. The allegations of paragraphs 73 through 76 are denied.

### Sixth Claim of Relief

37. In response to the allegations of paragraph 77, the BMT Defendants restate their responses to the preceding allegations.

38. The allegations of paragraphs 78 and 79 are denied

### Seventh Claim of Relief

39. In response to the allegations of paragraph 80, the BMT Defendants restate their responses to the preceding allegations.

40. The allegations of paragraphs 81 through 84 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

### Eighth Claim for Relief

41. In response to the allegations of paragraph 85, the BMT Defendants restate their responses to the preceding allegations.

42. The allegations of paragraphs 86 and 87 are denied.

43. In response to the allegations of paragraph 88, the BMT Defendants restate their responses to the preceding allegations.

44. The allegations of paragraphs 89 and 90 are denied.

### Ninth Claim for Relief

45. In response to the allegations of paragraph 91, the BMT Defendants restate their responses to the preceding allegations.

46. The allegations of paragraphs 92 are admitted.

47. The allegations of paragraphs 93 and 94 are denied.

48. In response to the allegations of paragraph 95, the BMT Defendants restate their responses to the preceding allegations.

49. The allegations of paragraphs 96 through 100 are denied.

50. All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

1. The Court lacks constitutional authority over this matter pursuant to the principles set out in Stern v. Marshall, 564 U.S. 2, 131 S. Ct. 2594 (2011), the Court may not enter proposed findings of fact or conclusions of law as it lacks the procedural authority to do so, and the Court lacks subject matter jurisdiction to adjudicate some or all of the counts asserted against the BMT Defendants.

2. Some or all counts of the complaint fail to state a claim on which relief can be granted.

3. The Trustee lacks standing to assert some or all of the claims asserted.

4. The case cannot proceed due to the absence of an indispensable party.

5. The Trustee is barred from relief pursuant to the doctrines of recission, recoupment, restitution, and set-off.

6. The Trustee is barred from relief pursuant to the doctrines of laches, waiver, estoppel, unclean hands, and in *pari delicto*.

7. The Trustee is barred from relief due to expiration of applicable statutes of limitations, or other periods of limitations including statutory extinguishment of some or all of the claims.

9

8. Transfers received by the BMT Defendants were for new value and were substantially contemporaneous exchanges, and/or some were made in the ordinary course of the business of Old BMT.

9. Transfers received by the BMT Defendants were for reasonable equivalent value or new value, including the extension of new credit given after the execution of new lien documents.

10. The transfers are subject to the protections of the defenses set forth in 11 U.S.C. 547(c).

11. The BMT Defendants received the disputed transfers in good faith and for value. They are entitled to the protections of 11 U.S.C. 548(c).

12. To the extent any liability is found against the BMT Defendants pursuant to NMSA 1978, 56-10-14 et. seq., (1996 Repl. Pamph.) the BMT Defendants are entitled to the protections of NMSA 1978, 56-10-22 (1996 Repl. Pamph.).

13. The BMT Defendants are entitled to a lien claim or claim of set-off or recoupment for the amount of secured indebtedness owed by Old BMT pursuant to the loans and security documents alleged in paragraphs 11 and 12 of the Complaint, plus interest and attorney fees, as allowed by the terms of the applicable loan documents. The BMT Defendants are entitled to a lien claim, or claim of set-off or recoupment for the advances made subsequent to the Foreclosure, plus interest and attorney fees, as allowed by the terms of the applicable loan documents.

14. With respect to the Trustee's claims in connection with the "Logo" as that term is defined in paragraph 24 of the Complaint, BMT Acquisitions continues to have a

valid and properly perfected lien on the Logo which would be enforceable whether or not the transfer of the Logo is voidable.

15. The Trustee is barred from relief pursuant to general equitable principles, including, but not limited to, those preserved by NMSA 1978, 56-10-24 (1996 Repl. Pamph.), as well as pursuant to the equitable powers granted to the Court under 11 U.S.C. 105.

WHEREFORE, Broad Street Tank Holdings, Co., Inc., BMT Acquisition, LLC, and BMT-NW Acquisition, LLC ask the Court to dismiss all counts of the Complaint against the BMT Defendants with prejudice and to award them costs of litigation and attorney fees as appropriate.

SUTIN, THAYER & BROWNE
A Professional Corporation

By  /s/ Gail Gottlieb
     Gail Gottlieb
     *Attorneys for Broad Street Tank Holdings, Co., Inc., BMT Acquisition, LLC, and BMT-NW Acquisition, LLC*
P.O. Box 1945
Albuquerque, NM 87103
Telephone: (505) 883-2500

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(D), we certify that service of the foregoing *Answer to Trustee's Complaint by Broadstreet Tank Holdings, Co, Inc., BMT Acquisitions, And BMT-NW Acquisitions LLC.* was made this 31st day of October 2013, via notice transmission facilities of the case management and electronic filing system of the U.S. Bankruptcy Court on the following:

Terry C. Cupps on behalf of Plaintiff Michael Caplan
tcupps@foulston.com

Robert L Howard on behalf of Plaintiff Michael Caplan
rhoward@foulston.com

**Notice will not be electronically mailed to**:

Broadway Properties, LLC

Longroad Asset Management, LLC

Charles William Travelstead


SUTIN, THAYER & BROWNE
A Professional Corporation

By /s/ filed electronically

2950334.doc